# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MALCOLM C. FIELDS,

                Petitioner,             :    Case No. 3:22-cv-13

   - vs -                          District Judge Thomas M. Rose
                               Magistrate Judge Michael R. Merz

KENNETH BLACK, Warden,
  Richland Correctional Institution,

                                :
                Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Malcolm Fields, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 8), and the Return of Writ (ECF No. 9). Upon the filing of the Return, the Magistrate Judge reminded Petitioner that his reply was due to be filed not later than twenty-one days later or by July 14, 2022 (ECF No. 10). However, as of the writing of this Report, Petitioner has neither filed a reply nor sought an extension of time within which to do so.

**Litigation History**

On December 16, 2019, a Clark County Grand Jury indicted two counts of operating a vehicle while under the influence of alcohol or drugs (OVI) having been convicted within the prior ten years of the same offense (Indictment, State Court Record, ECF No. 8, Ex. 1). A jury convicted Petitioner

on both counts and he was sentenced to an aggregate term of thirty-four months.  Fields appealed to the Ohio Second District Court of Appeals which affirmed the conviction and sentence.  *State v. Fields,* 2020 WL 7090854 (2d Dist. Dec. 4, 2020).  Fields did not appeal further to the Supreme Court of Ohio, but on February 22, 2021, filed a *pro se* Application to Reopen the appeal under Ohio R. App. P. 26(B) to raise claims of ineffective assistance of appellate counsel (State Court Record, ECF No. 8, Ex. 17).  Then on May 25, 2021, he filed a counseled amended 26(B) application.  *Id.* at Ex. 18.

The Second District found potential merit in his First and Second omitted assignments of error and reopened the appeal to allow argument "that the trial court did not properly impose post-release control at sentencing, that his aggregate 34-month sentence is contrary to law, and that the trial court erred in failing to specify the mandatory portion of his sentence."  (Decision and Entry, State Court Record, ECF No. 8, Ex. 21).  After further briefing the Second District held "the trial court's judgment will be reversed and the matter will be remanded for the trial court to reduce Fields's aggregate prison term to thirty months, to notify Fields of the mandatory portion of his sentence, and for the proper imposition of post-release control."  *Id.* at Ex. 24, PageID 203.  No appeal was taken to the Supreme Court of Ohio.  Fields was resentenced on December 6, 2021, and took no appeal.  Fields' January 2022 petition for post-conviction relief was denied and no appeal was taken.  Fields was released from incarceration on January 7, 2022, and filed the instant Petition one week later on January 14, 2022 (Certificate, State Court Record, ECF No. 8, Ex. 39).

## Analysis

Respondent asserts this Court lacks jurisdiction because Fields had been released from custody before he filed his Petition (Return of Writ, ECF No. 9).

2

A person must be in custody to invoke this Court's habeas corpus jurisdiction. *Spencer v. Kemna,* 523 U.S. 1 (1998). If a person is in custody when he files, his later release will not deprive the habeas court of jurisdiction. *Maleng v. Cook*, 490 U.S. 488 (1989).

A person on post-release control in Ohio is sufficiently in custody to seek habeas relief. "Individuals subject to post-release control, like individuals subject to supervised release in the federal system, satisfy the 'in custody' requirement." *Nian v. Warden,* 994 F.3d 746 (6th Cir. 2021), quoting *In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016). The final judgment of the Common Pleas Court indicates Fields is subject to post-release control for up to two years if imposed by the Parole Authority (Judgment, State Court Record, ECF No. 8, PageID 212). However, the Certificate of Incarceration shows that post-release control was not imposed. *Id.* at Ex. 39, PageID 396.

**Conclusion**

Because Petitioner was not in custody when he filed his Petition, this Court lacks jurisdiction over the case which should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #


December 12, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
